PETERSON  v.  SUTTER

———

(February 15, 1926, Opinion and Decree)
(March 15, 1926, Rehearing Refused)
(May 4, 1926, Writ of Certiorari and Review denied by the Supreme Court)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 17.**

A contractor may recover the value of his work and materials which have enured to the benefit of the owner although the work be defective or unfinished.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

Action by A. F. Peterson against Sam E. Sutter. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

L. L. Dubourg, of New Orleans, attorney for plaintiff, appellant.

Chas. Schneidau, of New Orleans, attorney for defendant, appellee.

## OPINION

CLAIBORNE, J.·   This is a suit on a building contract.

The plaintiff alleged that on August 23, 1922, he made a contract with the defendant for demolishing certain buildings, and for the raising of a house and making alterations and additions on the premises owned by defendant on Carondelet Street for the price of $3500 as appears by the annexed contract; that plaintiff proceeded to execute his contract with materials and labor; that on October 20th all work under contract was stopped by defendant who informed the plaintiff that he would take over the work and complete it; that said agreement was confirmed in writing by plaintiff; but that defendant on the following day, through his attorney, denied having made such an agreement, and notified plaintiff to resume work on October 23rd; that notwithstanding said letter, the defendant took possession of the premises and placed his own workmen in control thereby cancelling the building contract; that defendant is indebted to the plaintiff for all materials and labor furnished by plaintiff and for the profit he would have made on said contract; that these amount to $1980.25 for which he claims judgment against the defendant.

The defendant denied any indebtedness to the plaintiff; he admitted the contract, but averred that it had been amended; he denied that the plaintiff had proceeded with the work, or that he had interfered with him, or had agreed to take over the building; and that he took charge of the contract only after plaintiff had abandoned it.

There was judgment in favor of defendant dismissing plaintiff's suit.

He has appealed.

The evidence satisfies us that plaintiff abandoned the contract. After some disagreement between the plaintiff and the defendant, the former understood that the latter was willing to cancel the contract

and to execute himself, and he wrote the defendant that he was willing to accept his proposition. The defendant quickly denied any such proposition on his part and called upon the plaintiff to carry out his contract and to resume work on October 23rd. The plaintiff acquiesced in writing to the demand and promised to resume work at once. But he failed to do so; and the defendant took charge of the building on October 25th. We interpret plaintiff's action as an abandonment of the contract. His rights under these conditions are set forth in Babst vs. Perity, No. 7548 of this court in which we said:

"A contractor may recover the value of his work and materials which has enured to the benefit of the owner although the work be defective or unfinished." See numerous authorities therein quoted and Allen vs. Wills, 4 La. Ann. 97.

The uncontradicted evidence is that the plaintiff began work on September 2nd and continued until October 16th when he withdrew.

That he paid out during that time:

| | |
|---|---|
| To raise the house | $325.00 |
| For the brick work | 250.00 |
| For a new window frame | 20.00 |
| | $595.00 |
| For labor | 1167.25 |
| Making a total of | $1762.25 |
| That he received the first payment of | 1200.00 |
| Leaving a balance due of | $562.25 |

The plaintiff also claims the value of the old materials from the demolished buildings which were used in the new building or which remained on the premises upon the following clauses of the specifications:

"All old materials including bricks, slates, and lumber to be cleaned at the expense of the contractor and stacked up in places where it will not interfere with the construction of the building or in the way of the owner's business. All material that is good and sound to be used in the alternative, construction, and remodeling of the present building.

"It is understood between the owner and contractor that all the old material from the building demolished is to be used in the construction and remodeling of the present building. * * * Should any material be left over from the demolishing of these two old buildings, same to be the property of the contractor and to be removed by him and the premises upon the completion of the remodeling of the present building to be left in first class and clean condition."

According to these specifications the material from the demolished buildings or the debris were divided into two classes, viz: first, that part which could be utilized in the construction of the new building, and second, the other part left over or which could not be utilized, was to become "the property of the contractor (or of plaintiff) and to be removed by him".

As to the first part, it was originally the property of the defendant and was specifically stated that it would continue to remain his property and become incorporated into the new building. There is no reason therefore why the defendant should pay the plaintiff for its value.

As to the second part, which could not be utilized, it was to become the property of the plaintiff, and he was to remove it. There is no contention that defendant used any part of it for purposes other than the building or that he has refused to deliver it to the plaintiff; on the contrary defendant testifies to his willingness to deliver it to plaintiff on demand.

The plaintiff also claims $350, or the ten per cent profit, he calculated he would have made upon the contract. This condition is evidently upon the theory that the defendant dismissed him C. C. 2765. But we have found, on the contrary, that plaintiff abandoned the contract. The reason of law in allowing plaintiff the amount expended by him in labor and material is the presumption that the owner has benefited by them. But the plaintiff cannot say that the defendant has benefited by his services, when he has abandoned the contract. He is therefore not entitled to his anticipated profit. If such were the law it would encourage contractors to abandon their contracts and set up claims for services not rendered to the same amount as if they had been rendered.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the defendant Samuel E. Sutter be condemned to pay to the plaintiff Albert F. Peterson five hundred and sixty-two 25-100 dollars with five per cent per annum interest from October 31, 1922, till paid and all costs of suit.